Revised 03/06 WDNY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

*FILED JAN 16 2026 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY*

26 CV 104

**FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT**
(Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.    Full Name of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

Kevin W. Simpson

-vs-

**B.    Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. Erie County
2. Deputy Fleming
3. John Doe Correction Officers (1-5)
4. Forensic Mental Health Staff
5. Supervisory Officials
6. (Reserved for Additional ID Defendants

## 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections **MUST** be answered*

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court: Federal Question Jurisdiction under 28 U.S.C. § 1331, and civil rights claim under 42 U.S.C. § 1983

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District: Venue is proper under 28 U.S.C. § 1391 (b) because all events occurred in Erie County, New York, within this District.

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C. Nature of Suit: Civil Rights - 42 U.S.C. § 1983 (Deliberate Indifference, Failure to Protect, Punitive Conditions, and Municipal Liability).

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION**  NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: Kevin W. Simpson
Present Address: 115 Weyand Ave, Apt 1. Buffalo, New York 14210

Name of Second Plaintiff:
Present Address:

**DEFENDANT'S INFORMATION**  NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: Erie County Sheriff's Office
Official Position of Defendant (if relevant): County agency operating detention facilities.
Address of Defendant: 10 Delaware Ave. Buffalo, New York 14202

Name of Second Defendant: Deputy Fleming
Official Position of Defendant (if relevant): Correction Officer (Deputy)
Address of Defendant: Erie County Holding Center. 40 Delaware Ave. Buffalo, New York 14202

Name of Third Defendant: Erie County
Official Position of Defendant (if relevant): Municipal Government
Address of Defendant: 95 Franklin St. Buffalo, New York 14202
See attached addendum for additional defendants.

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.   Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**
     Yes [ ]   No [✔]

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:
     Plaintiff(s):

2

Defendant(s):_____

_____

2. Court (if federal court, name the district; if state court, name the county):_____

_____

3. Docket or Index Number:_____

4. Name of Judge to whom case was assigned:_____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?
   Is it still pending? Yes ☐  No ☐
   
   If not, give the approximate date it was resolved._____
   
   Disposition (check those statements which apply):
   
   ☐ <u>Dismissed</u> (check the statement which indicates why it was dismissed):
   
   ☐ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;
   ☐ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;
   ☐ By court due to your voluntary withdrawal of claim;
   
   ☐ <u>Judgment</u> upon motion or after trial entered for
   
   ☐ plaintiff
   ☐ defendant.

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

**A. FIRST CLAIM:** On (*date of the incident*) October 19, 2025, at the Erie County Holding Center D-Long, defendant (*give the **name and (if relevant) the position held** of **each defendant** involved in this incident*) Defendants: Deputy Fleming (Correctional Officer) John Doe Correctional Officers 1-5 (Correctional Staff) Forensic Mental Health Staff (Doe) Medical staff (Doe).

3

did the following to me (*briefly state what each defendant named above did*): See attached Statement of Claim incorporated herein by reference.

The federal basis for this claim is: 42 U.S.C. § 1983 - Violation of the Fourteenth Amendments (deliberate indifference, failure to protect, punitive conditions without due process).

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: Award compensatory and punitive damages, declaratory relief, and injunctive relief requiring policy changes, along with costs and any further relief the Court deems just and proper.

**B. SECOND CLAIM:** On (*date of the incident*) October 19, 2025, at the Erie County Holding Center D-Lon, defendant (*give the name and (if relevant) position held of each defendant involved in this incident*) See attached Statement of Claim and Addendum, incorporated herein by reference.

did the following to me (*briefly state what each defendant named above did*): See attached Relief Section incorporated herein by reference.

The federal basis for this claim is: _____

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

4

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

See attached Statement of Claim and Addendum, incorporated herein by reference.

Do you want a **jury trial?** Yes [✔]  No [ ]

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on January 16, 2025
          (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

*Kevin W. Simpson*

Signature(s) of Plaintiff(s)

1

## ATTACHMENT – STATEMENT OF CLAIM

(Incorporated into Section 5 of WDNY Pro Se Civil Rights Complaint Form)

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

KEVIN W. SIMPSON,

Plaintiff,

v.

ERIE COUNTY SHERIFF'S OFFICE;

JOHN DOE CORRECTION OFFICERS 1–5;

DEPUTY FLEMING;

FORENSIC MENTAL HEALTH STAFF (DOE);

ERIE COUNTY;

and SUPERVISORY OFFICIALS (DOE),

Defendants.

## STATEMENT OF CLAIM

(42 U.S.C. § 1983)

1

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983, the Constitution of the United States, including the Fourteenth Amendments.
2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in the Western District of New York, as all events occurred at the Erie County Holding Center / Erie County Jail, Buffalo, New York.

## II. PARTIES

4. Plaintiff Kevin W. Simpson was, at all relevant times, a pretrial detainee housed at Erie County correctional facilities.
5. Defendant Erie County Sheriff's Office operates and controls jail facilities and staff.
6. Defendant Deputy Fleming was acting under color of state law and authored disciplinary reports related to the incident.
7. Defendant John Doe Officers were correction officers on duty responsible for safety, supervision, and medical response.
8. Defendant Forensic Mental Health Staff (Doe) were responsible for mental-health care, evaluation, and follow-up.
9. Defendant Erie County maintained policies, customs, or practices that caused or contributed to the constitutional violations.

## III. FACTUAL ALLEGATIONS

### A. Repeated Medical and Mental-Health Requests

10. Between October 19-24, 2025, Plaintiff submitted multiple Sick Call Requests to the Erie County Sheriff's Office.
11. These requests included:

- Requests for forensic mental-health assistance
- Reports of physical pain, including hand, wrist, arm, bite wounds, swelling, numbness, and tingling
- Requests for pain relief and medical evaluation
- A request for a tetanus shot after being bitten

12. The requests document escalating symptoms, and repeated attempts to obtain help.
13. Despite these written requests, Plaintiff did not receive timely or adequate medical or mental-health care.

2

### B. Failure to Protect and Resulting Assault

14. On October 19, 2025, Plaintiff was involved in an incident in D-Long housing unit.
15. According to the Disciplinary Report, officers observed Plaintiff "exchanging closed fist punches" with another inmate.
16. The report does not state that officers intervened prior to the escalation.
17. Plaintiff had previously documented fear, mental distress, and safety concerns through Sick Call Requests.
18. The failure to respond to these warnings placed Plaintiff at substantial risk of harm.

### C. Medical Neglect After the Incident

19. After the incident, Plaintiff was taken to medical only after force was used and the incident escalated.
20. Medical documentation shows:

- Complaints of pain
- Possible bite injuries
- Swelling and nerve symptoms
- Requests for follow-up care

21. Plaintiff continued to submit Sick Call Requests afterward describing worsening symptoms.
22. These requests reflect deliberate indifference to serious medical needs.
    A. Plaintiff utilized the facility's available sick-call and reporting procedures to obtain medical care and protection. Despite these efforts, Plaintiff received no meaningful medical treatment or protective response.

### D. Disciplinary Process and Punitive Conditions

23. Plaintiff was charged with a Class B disciplinary offense.
24. Plaintiff pleaded Not Guilty.
25. The disciplinary hearing resulted in:

- A guilty finding
- 15 days keep lock
- Threat of additional punitive housing

26. The disciplinary record shows:

- No inmate statement taken
- No witnesses

3

- Reliance primarily on officer narrative
- Punishment imposed despite unresolved medical and mental-health issues

27. Plaintiff was punished instead of protected or treated, compounding the harm.

## IV. CLAIMS FOR RELIEF

### COUNT I

Deliberate Indifference to Serious Medical Needs

(Fourteenth Amendments –Pretrial Detainee)

28. Defendants knew of Plaintiff's serious medical and mental-health needs.
29. Plaintiff submitted repeated written requests documenting pain, injury, and distress.
30. Defendants failed to provide timely or adequate care.
31. This conduct constitutes deliberate indifference.

### COUNT II

Failure to Protect

(Fourteenth Amendment – Pretrial Detainee)

32. Defendants knew or should have known Plaintiff faced a substantial risk of harm.
33. Defendants failed to take reasonable measures to protect Plaintiff.
34. Plaintiff was injured as a result.

### COUNT III

Punitive Conditions Without Due Process

(Fourteenth Amendment)

35. Plaintiff was punished under disciplinary procedures that lacked meaningful safeguards.
36. Punishment was imposed while medical and mental-health issues were unresolved.
37. This constituted unconstitutional punishment of a pretrial detainee.

4

## COUNT IV

Municipal Liability (Monell)

    38. Erie County maintained policies or customs of:

- Ignoring inmate sick-call requests
- Delaying mental-health care
- Using discipline in place of treatment
- Failing to intervene before violence escalates

    39. These policies were the moving force behind Plaintiff's injuries.
        A. The failure to provide medical treatment and protection was not an isolated incident but consistent with institutional practice at the Erie County Holding Center.
        B. Erie County officials were aware of these practices through inmate sick-call requests, medical documentation, and disciplinary reports but failed to implement corrective measures.
        C. Erie County failed to train and supervise correction and medical-staff on responding to medical emergencies, mental-health needs, and inmate safety concerns, leading staff to ignore sick-call requests and rely on discipline instead of treatment.
        D. These practices were persistent and widespread and were known to supervisory officials who took no corrective action.
        E. The need for training and intervention was obvious given repeated inmate complaints and medical documentation.
        F. After the incident, supervisory officials reviewed the disciplinary report, medical documentation, and Plaintiff's sick-call requests, yet affirmed the punishment without requiring medical treatment, corrective action, or staff retraining. This ratification of the conduct reflects an official policy choice and contributed to the constitutional violations.
    40. Municipal liability may be established through official policy, custom, failure to train, deliberate indifference, or ratification by final policymakers, See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); City of Canton v. Harris, 489 U.S. 378 (1989); Walker v. City of New York, 974 F.2d 293 (2d Cir. 1992); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113 (2d Cir. 2004)

## V. DAMAGES

    40. Plaintiff suffered:

- Physical injury

5

- Pain and suffering
- Emotional distress
- Mental anguish
- Loss of liberty

## VI. RELIEF REQUESTED

Plaintiff respectfully requests:

A. Compensatory damages

B. Punitive damages against individual defendants

C. Declaratory relief

D. Injunctive relief requiring policy changes

E. Costs and fees

F. Any other relief deemed just and proper

## VII. JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Kevin W. Simpson

Plaintiff, Pro Se

6

ADDENDUM – ADDITIONAL DEFENDANTS

4. Name of Defendant: John Doe Correction Officers 1-5
   a. Official Position: Correctional Officers responsible for Inmate custody, supervision, and safety.
   b. Address: Erie County Holding Center.  40 Delaware Ave. Buffalo, New York 14202
   c. Additional Information: Names and badge numbers are currently Unknown. Identities will be obtained through initial disclosures and/or discovery. Defendants acted under color of state law.

5. Name of Defendant: Supervisory Officials (Doe)
   a. Official Position: Supervisory personnel responsible for oversight, training, compliance, and disciplinary processes.
   b. Address: Erie County Holding Center.  40 Delaware Ave. Buffalo, New York 14202
   c. Additional Information: Name and ranks unknown at present. Identities to be substituted once known.  Defendants acted under color of state law.

6. Name of Defendant: Forensic Mental Health Staff (Doe)
   a. Official Position: Mental health practitioners responsible for evaluation and care.
   b. Address: Erie County Holding Center.  40 Delaware Ave. Buffalo, New York 14202
   c. Additional Information: Specific practitioners unknown at present. Identities will be identified during discovery. Defendants acted under color of state law.

7. Name of Defendant: Medical Staff (Doe)
   a. Official Position: Medical Staff
   b. Address: Erie County Holding Center.  40 Delaware Ave. Buffalo, New York 14202
   c. Additional Information: Did not provide timely or adequate medical care after a human bite injury. Names unknown at this time.
   d. *Human bite injuries present a known risk of infection and require prompt medical assessment and treatment.

JS 44 (Rev. 03/24)                              **CIVIL COVER SHEET**                       26 CV 104

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Kevin W. Simpson

### DEFENDANTS
Erie County Sheriff's Office; Erie County; Deputy Fleming; + See attached Addendum for John Doe Defendants

**(b)** County of Residence of First Listed Plaintiff: Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | [x] 555 Prison Condition (struck through) | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Deliberate indifference to Medical Needs, Failure to Protect, Punitive Conditions, and Municipal Liability.

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 1/16/26

SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____